UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-62065-BLOOM/Valle

LORRAINE FEFEL,

    Plaintiff,

v.

SILVER TREE RESIDENTIAL, LLC,
and TICE VIEIRA,

    Defendants.
_____/

**ORDER ON MOTION TO DISMISS OR IN THE ALTERNATIVE,
TO TRANSFER VENUE, AND MOTION TO STAY**

**THIS CAUSE** is before the Court upon Defendants Silver Tree Residential, LLC and Tice Vieira's (together, "Defendants") Motion to Dismiss for Lack of Subject Matter Jurisdiction or in the Alternative, Motion to Transfer Venue, ECF No. [20] ("Motion"), filed on October 19, 2018. Plaintiff Lorraine Fefel ("Plaintiff") filed a response, ECF No. [28].[1] Defendants also filed a Motion to Stay Mediation and Discovery Pending Ruling on its Motion, ECF No. [24] ("Motion to Stay"). The Court has carefully considered the Motion and the Motion to Stay, all opposing and supporting submissions, the record in this case and the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied, and the Motion to Stay is denied as moot.

**I.    BACKGROUND**

This case involves an alleged violation of the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. ("FLSA"). In the Complaint, Plaintiff alleges that

---
[1] Defendants did not file a reply.

1

Defendant Silver Tree Residential, LLC ("Silver Tree") provides senior housing, and that Defendant Vieira is the Regional Vice President and operator of Silver Tree in Broward County, Florida. ECF No. [1] ¶¶ 5, 12. Defendant Silver Tree employed individuals like Plaintiff to remain on site and provide assistance as needed to residents. *Id.* ¶ 15. Plaintiff alleges that when Hurricane Irma struck South Florida, she was working at Silver Tree's Broward location ("Gateway Terrace"), and that the hurricane knocked out power to Gateway Terrace for approximately eight weeks. *Id*. ¶¶ 20-21. Defendant Vieira required Plaintiff to continue working during this time for at least her normal hours, and she regularly worked past 5:00 p.m. when necessary to address resident concerns. *Id*. ¶ 24. According to Plaintiff, she was never compensated for the overtime she worked. *Id*. ¶ 26. As a result of Defendants' alleged failure to pay, Plaintiff asserts a claim for violation of the FLSA overtime provisions.

In the Motion, Defendants seek dismissal of the Complaint for lack of subject matter jurisdiction, or in the alternative, requests that the Court transfer this case to the Western District of Tennessee under 28 U.S.C. § 1404(a).

## II.  LEGAL STANDARD

### a. Dismissal for lack of subject matter jurisdiction

A Rule 12(b)(1) motion challenges the district court's subject matter jurisdiction and takes one of two forms: a "facial attack" or a "factual attack." "A 'facial attack' on the complaint 'require[s] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion.'" *McElmurray v. Consol. Gov't of Augusta-Richmond Cty.*, 501 F.3d 1244, 1251 (11th Cir. 2007) (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). "A 'factual attack,' on the other hand, challenges the existence of subject matter

jurisdiction based on matters outside the pleadings." *Kuhlman v. United States*, 822 F. Supp. 2d 1255, 1256-57 (M.D. Fla. 2011) (citing *Lawrence*, 919 F.2d at 1529); *see Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1233 (11th Cir. 2008) ("By contrast, a factual attack on a complaint challenges the existence of subject matter jurisdiction using material extrinsic from the pleadings, such as affidavits or testimony.").

### b. Venue transfer

Section 1404(a) of Title 28 of the United States Code embodies a codification and revision of the *forum non conveniens* doctrine, *see Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 253 (1981), and it provides in relevant part that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a); *see also Carucel Investments, L.P. v. Novatel Wireless, Inc.*, 157 F. Supp. 3d 1219, 1222-23 (S.D. Fla. 2016) ("Section 1404(a) reflects an increased desire to have federal civil suits tried in the federal system at the place called for in the particular case by considerations of convenience and justice.") (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964)). "The plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations." *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996) (citation omitted). "[T]he burden is on the movant to establish that the suggested forum is more convenient." *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989); *see also Steifel Labs., Inc. v. Galderma Labs., Inc.*, 588 F. Supp. 2d 1336, 1338 (S.D. Fla. 2008). "Ultimately, transfer can only be granted where the balance of convenience of the parties strongly favors the defendant." *Trafalgar Capital Specialized Inv. Fund (In Liquidation) v. Hartman*, 878 F. Supp. 2d 1274, 1282 (S.D. Fla. 2012) (quoting *Steifel*, 588 F. Supp. 2d at 1339).

### III. ANALYSIS

In the instant Motion, Defendants argue that the Court lacks subject matter jurisdiction because Plaintiff entered a Confidential Separation Agreement and General Release, ECF No. [20-1] at 4-8 ("Agreement"), pursuant to which Plaintiff received four weeks of her standard compensation, which exceeds her potential recovery in the instant case by approximately 25%. As such, Defendants argue that there is exists no case or controversy and no federal subject matter jurisdiction.

In response, Plaintiff argues that Defendants are essentially arguing that they are entitled to a set-off for the amount paid pursuant to the Agreement, which is an affirmative defense, and not an event that deprives this Court of subject matter jurisdiction. The Court agrees with Plaintiff. Indeed, the authorities cited by Defendants in support of the argument they advance support only the notion that in certain limited circumstances, an employer may be entitled to set-off in a FLSA action. *See Reasoner v. All Seasons Pool Serv., Inc.*, No. 6:06-cv-1819-Orl-19DAB, 2007 WL 4326808, at *9 (M.D. Fla. Dec. 7, 2007) (stating that "[a] setoff is pay that an employee receives to which he or she was not otherwise entitled that is subtracted from any amount of overtime compensation owed.") (citing *Mercer v. Palm Harbor Homes, Inc.*, No. 8:05-cv-1435-T-30TGW, 2005 WL 3019302, at *2 (M.D. Fla. Nov. 10, 2005) (set-off is a defense) and *Tibensky v. C.D.C Acquisition Corp.*, No. 6:05-cv-820-ORL-28-DAB, 2005 WL 1949825, at *1 (M.D. Fla. Aug. 12, 2005) (same)). Moreover, "payments made in accordance with a severance agreement are not wage payments, advance or otherwise, but are instead benefits in return for the release of claims." *Leite v. Tremron, Inc.*, No. 12-22118-CIV, 2012 WL 4049962, at *4 (S.D. Fla. Sept. 13, 2012). Accordingly, the Court will not dismiss this case for lack of jurisdiction.

In the alternative, Defendants maintain that this case should be transferred pursuant to a forum selection clause in the Agreement between the parties, arguing that the Agreement specifically waives FLSA claims, and that, in any event, Plaintiff's FLSA claim is related to the subject matter of the Agreement. Upon review, Defendants' arguments are without merit.

First, it is a fundamental notion under the FLSA that FLSA rights – including, *inter alia*, the right to coverage as an employee under the statute or the right to liquidated damages equal to unpaid minimum wages, or the unpaid overtime compensation – cannot be abridged by private contract or waiver. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982); *Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1307 (11th Cir. 2013) (Generally, "[a] plaintiff cannot waive her right to liquidated damages in a FLSA settlement when there is no genuine dispute about whether she is entitled to them."); *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) ("FLSA provisions are mandatory; the provisions are not subject to negotiation or bargaining between employer and employee.") (quotation omitted). As the Supreme Court explained:

> The [FLSA] was a recognition of the fact that due to the unequal bargaining power as between employer and employee, certain segments of the population required federal compulsory legislation to prevent private contracts on their part which endangered the national health and efficiency and as a result the free movement of goods in interstate commerce. . . . [T]he same policy which forbids employee waiver of the minimum statutory rate because of inequality of bargaining power, prohibits these same employees from bargaining with their employer in determining whether so little damage was suffered that waiver of liquidated damage is called for.

*Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706-08 (1945). Accordingly, "an employer undertakes the private resolution of an FLSA dispute at his peril. . . . [I]f the employer extracts a compromise, the release of an FLSA claim approved by neither the Department of Labor nor the district court remains unenforceable." *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1237 (M.D. Fla. 2010). Therefore, any attempt by Defendants to secure a waiver of FLSA rights

without involvement of the Department of Labor or the Court is ineffective. *See Barrentine v. Arkansas-Best Freight System*, 450 U.S. 728, 740 (1981) (holding that "FLSA rights cannot be abridged by contract or otherwise waived because this would 'nullify the purposes' of the statute and thwart the legislative policies it was designed to effectuate.").

Second, Defendants assume that this case is governed by the Agreement. However, the Agreement is separate from Plaintiff's regular employment with Defendants, such that the instant dispute cannot be properly viewed as "arising out of or relating to" the Agreement. *See Leite*, 2012 WL 4049962, at *4 ("Rather, the severance agreement was an arrangement distinct from Tremron's ordinary employment obligations to Leite."). Therefore, the forum selection clause is not applicable to Plaintiff's FLSA claim, and transfer is not warranted. In addition, other than asserting that the instant case should be transferred pursuant to the forum selection clause, Defendants make no further showing with respect to the applicable § 1404 factors.

## IV.  CONCLUSION

For the foregoing reasons, the Motion, **ECF No. [20]**, is **DENIED**. Furthermore, the Motion to Stay, **ECF No. [24]**, is **DENIED AS MOOT**. Defendants shall file their Answer to the Complaint, ECF No. [1], on or before **December 10, 2018**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 29th day of November, 2018.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record